**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

CHARLESSA M. HOSKIN,

     Plaintiff,

v.

ASAP CREDIT REPAIR,

     Defendant.

Case No. 4:26-cv-02533

## COMPLAINT

**NOW COMES** CHARLESSA M. HOSKIN ("Plaintiff"), by and through the undersigned counsel, complaining of ASAP CREDIT REPAIR ("Defendant"), as follows:

## NATURE OF ACTION

1. Plaintiff brings this action seeking redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq.*, the Alabama Deceptive Trade Practices Act ("ADTPA"), pursuant to Ala. Code § 8-19-1 *et seq.*, breach of contract, and breach of fiduciary duty.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the CROA is a federal statute.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.      Plaintiff is a natural person and consumer, over 18 years-of-age, residing in Mobile, Alabama.

6.      Defendant is a credit repair organization claiming to help consumers achieve financial stability through their offerings designed to assist consumers with becoming debt-free and enjoying improved credit.

**FACTUAL ALLEGATIONS**

7.      In 2021, Plaintiff was facing financial difficulties and had a number of debts prompting her to begin looking for companies who may be able to assist her in maintaining her creditworthiness and resolving her financial obligations.

8.      Subsequently thereafter, Plaintiff discovered Defendant through its representation that it could help consumers resolve their financial obligations by removing negative items from her credit report and improving their credit.

9.      Plaintiff spoke with Defendant and Defendant's agent represented to Plaintiff that it would be able to: (1) remove negative accounts from her consumer credit reports; and (2) improve Plaintiff's credit scores.

10.      Defendant further represented to Plaintiff that all she would need to do is make monthly payments over a certain period of time and that Defendant would utilize the payments to expeditiously resolve Plaintiff's enrolled debts and remove negative accounts from her consumer credit reports.

11.      In 2021, having relied on Defendant's representations, Plaintiff formally enrolled into Defendant's credit repair program by entering into a contract with Defendant.

12. Pursuant to the contract, Plaintiff was obligated to make an upfront payment of $300, and monthly payments of approximately $100.

13. Plaintiff proceeded to make her monthly payments to Defendant in a timely manner.

14. During the enrollment period, Plaintiff was repeatedly informed that Defendant was actively removing negative items from her credit report and she would be able to purchase a home within a specific timeframe.

15. Despite Defendant's assurances, Defendant failed to remove major negative tradelines from her credit report as Defendant represented it would.

16. Despite Defendant's representations, Plaintiff's credit score did not improve.

17. Plaintiff signed up for Defendant's debt settlement and credit improvement services based on its representations that it would remove negative accounts from her consumer credit reports and qualify her to purchase a home within a specific timeframe.

18. Throughout its dealings with Plaintiff, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payments, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's debt settlement program.

19. Furthermore, Defendant repeatedly informed Plaintiff that it was working on removing negative accounts from her consumer credit reports

20. However, Defendant chronically failed to remove the vast majority of Plaintiff's negative tradelines from her credit reports.

21. Despite Plaintiff paying into Defendant's program enough for Defendant to negotiate Plaintiff's debt, Defendant failed to meaningfully (1) remove negative accounts from her consumer credit reports; and (2) improve Plaintiff's credit score.

3

22.     Approximately one year after enrolling into Defendant's program, Defendant only removed a few credit inquiries from her credit report.

23.     Plaintiff suffered significant damages as result of Defendant's misrepresentations and omissions, including: financial losses, emotional distress, aggravation, mental anguish, decreased credit score.

24.     Simply put, Plaintiff found herself in a much worse financial position after enrolling in Defendant's credit improvement program.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

25.     Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA because she is an individual that sought and obtained credit repair services.

27.     Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a.     Violations of CROA § 1679b(a)(3) and (a)(4)**

28.     The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or

results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

29. Defendant violated of §§ 1679b(a)(3) and (4) by, *inter alia*, falsely representing to Plaintiff that enrollment in Defendant's program would improve Plaintiff's credit score.

**b.     Violations of CROA § 1679b(b)**

30. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

31. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed.

**c.     Violations of CROA § 1679c**

32. The CROA, pursuant to 15 U.S.C. § 1679c, outlines the disclosures that must be provided to consumers as well as when and how such disclosures must be provided.

33. Defendant violated the above provision of the CROA through its failure to provide the written disclosures required by the CROA in the manner required.

**d.     Violations of CROA § 1679d**

34. The CROA, pursuant to 15 U.S.C. § 1679d, outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract.

5

See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679d(b)(4).

35.    Defendant violated § 1692d(b)(4) of the CROA through its failure to contain the required disclosure in bold face type in immediate proximity for the place reserved for Plaintiff's signature on the contract.

36.    As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a.    A judgment in Plaintiff's favor for Defendant's violations of the aforementioned sections of CROA;

b.    An award of actual damages pursuant to 15 U.S.C. § 1679g(a)(1);

c.    An award of punitive damages pursuant to 15 U.S.C. § 1679g(a)(2)(A);

d.    An award of Plaintiff's attorney's fees and costs pursuant to 15 U.S.C. § 1679g(a)(3); and

e.    Any further relief the Honorable Court finds to be just and appropriate.

### COUNT II – VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT

37.    Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

38.    Plaintiff is a "consumer" as defined by Ala. Code § 8-19-3(3).

39.    Defendant, at all times relevant, was in the conduct of "trade or commerce" as defined by Ala. Code § 8-19-3.

**a.    Violations of Ala. Code § 8-19-5**

40.    The ADTPA broadly prohibits unfair and deceptive business practices.

41.    Defendant violated the ADTPA by, *inter alia*, unfairly and deceptively (1) failing to provide credit improvement services to the best of its ability; (2) putting its financial interests ahead of

6

Plaintiff's interests; (3) representing to Plaintiff that its program would allow her to qualify to purchase a home; and (4) falsely representing to Claimant it could delete names off of Claimant's consumer reports when it had no intention, or ability to do so.

42.    As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.    Awarding Plaintiff actual damages pursuant to Ala. Code § 8-19-10(a)(1);

c.    Awarding Plaintiff punitive damages pursuant to Ala. Code § 8-19-10(a)(2);

d.    Enjoin Defendant from further violations of law pursuant to Ala. Code § 8-19-10(a)(3),

e.    Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Ala. Code § 8-19-10(a)(3); and,

f.    Awarding any other relief this Honorable Court deems just and appropriate.

### COUNT III – BREACH OF CONTRACT

43.    Plaintiff repeats and realleges all preceding paragraphs as though fully set forth herein.

44.    The contract for debt settlement services between Plaintiff and Defendant is a valid and enforceable contract.

45.    The elements of breach of contract are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.

46. Defendant breached its contract with Plaintiff by, *inter alia*, (1) failing to provide credit improvement services to the best of its ability; (2) putting its financial interests ahead of Plaintiff's interests; (3) falsely informing Claimant it could delete names off of Claimant's consumer reports when it had no intention, or ability to do so.

47. As set forth above, Plaintiff suffered damages as a result of Defendant's breach of contract.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that Defendant breached the underlying contract;

b. Awarding Plaintiff actual damages;

c. Awarding Plaintiff punitive damages; and,

d. Awarding any other relief as the Honorable Court deems just and appropriate.

## COUNT IV – BREACH OF FIDUCIARY DUTY

48. Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

49. Defendant owed Plaintiff a fiduciary duty arising out of the nature of their relationship.

50. Defendant owed Plaintiff a fiduciary duty because Plaintiff reposed a special confidence in Defendant and Defendant was bound to act in good faith and with due regard of Plaintiff.

51. Specifically, Plaintiff entrusted Defendant with her money and to use her money in a responsible manner to improve her credit.

52. Defendant breached its fiduciary duty to Plaintiff by, *inter alia*, (1) failing to provide credit improvement services to the best of its ability; (2) putting its financial interests

ahead of Plaintiff's interests; (3) representing to Plaintiff that its program would allow her to qualify to purchase a home; and (4) falsely representing to Claimant it could delete names off of Claimant's consumer reports when it had no intention, or ability to do so

53.    As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**WHEREFORE**, Plaintiff respectfully requests that the Honorable Court enter judgment in her favor as follows:

a.    A judgment in Plaintiff's favor for breach of fiduciary duty;

b.    Awarding Plaintiff actual damages;

c.    Award Plaintiff punitive damages;

d.    Award Plaintiff reasonable attorney's fees and costs;

e.    Awarding any other relief as the Honorable Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: March 30, 2026                              Respectfully submitted,

                                                  */s/ Timothy D. Hogan*
                                                  Timothy D. Hogan, Esq.
                                                  *Counsel for Plaintiff*
                                                  Sulaiman Law Group, Ltd.
                                                  2500 South Highland Ave.
                                                  Suite 200
                                                  Lombard, Illinois 60148
                                                  (630) 575-8181 (phone)
                                                  (630) 575-8188 (fax)
                                                  thogan@atlaslawcenter.com